## BOWEN v. REED.

JURISDICTION.—*Estoppel.*—Suit before the mayor of a city for rent, and an attachment thereunder, on which was seized the property of the defendant, who executed a delivery bond therefor with surety. Upon the defendant's oral motion, on the ground that the title to real estate was involved, the cause was certified to the circuit court, in which the defendant appeared, and, after taking various steps in the cause, withdrew his appearance and was defaulted, and judgment was rendered against him for the debt, and an order was made for the sale of the attached property.

*Held,* in a suit on said bond, that said defendant and the surety on said bond were estopped to deny the jurisdiction of the circuit court in said attachment proceeding.

APPEAL from the Fountain Circuit Court.

DOWNEY, J.—Bowen sued one Bartlett, before the mayor of Attica for rent, took out an attachment, and seized the property of Bartlett. He, with the appellee as his security, executed a bond for the purpose of releasing the attached property, by which they agreed that the property should be safely kept and delivered to the marshal on a designated day.

On the day fixed for the trial before the mayor, Bartlett, by oral motion, asked that the cause be certified to the circuit court, on the ground that the title to real estate was involved. This motion was sustained, and the cause was accordingly certified to the circuit court. In that court there was judgment against Bartlett by default, which, on his motion, was afterwards set aside. The cause was then continued until the next term, at which term, on the second day thereof, the said Bartlett had an order entered, on his motion, for the publication of the depositions on file. On the third day of the term the defendant withdrew his appearance, was defaulted, and judgment was rendered against him for the debt, with an order for the sale of the attached property.

The property which had been attached not having been delivered according to the terms of the bond, and not having been found, this action was brought on the bond against Bartlett and his security, Reed. After issues were made, the

case was tried by the court, and, at the request of the plaintiff, the court stated the facts in writing and the conclusion of law upon them.   The facts so found were as we have stated them.   The conclusion of law was, that the circuit court had no jurisdiction in the case so certified up by the mayor of the city of Attica, and that the judgment and proceedings in said cause in the circuit court were void, because the case was not taken to the circuit court by appeal.

There was an exception taken to the conclusion of law, and also a motion for a new trial, which was overruled, and judgment rendered for the defendant.   The errors assigned involve the correctness of these rulings.

We think the conclusion of law arrived at by the court was not correct.   Every principle of law, as well as of justice and honesty, requires that the defendant, after having had the case certified by the mayor to the circuit court, and having appeared in the circuit court, should be estopped to deny the fact which he had alleged in order to get the case certified to the circuit court, or the fact that the circuit court had jurisdiction.   The suit was one of the subject-matter of which the circuit court had full and ample jurisdiction.   It should have been held that the defendant had conclusively waived any objection as to jurisdiction of his person.

The judgment is reversed, with costs, and the cause remanded.

*J. Buchanan*, for appellant.